JOHN B. HOLMES, PLAINTIFF IN ERROR, V. ROBERT IRWIN, DEFENDANT IN ERROR.

Damages by Stock: NEGLIGENCE OF OWNER. Where A purchased of B an enclosed pasture, paying therefor an extra price, the consideration for such extra price being that A might turn his stock into such pasture and thereby avoid the expense and trouble of having to herd his stock, which was fully understood

by B, and where the stock were turned into the field and continued to run there until the pasturage was eaten up, B residing upon the premises and in a position where he could know of any damage being done by the stock, and where he had cribbed his corn on the premises and within the inclosure in which the stock were permitted to run, but A had no knowledge of the existence of the crib of corn, and where A's stock, without his knowledge, ate and destroyed the corn, *Held,* That A would not be liable for such damage and that there was no question of negligence on his part to submit to a trial jury.

ERROR to the district court for Cass county.    Tried below before POUND, J.

*Beeson & Sullivan,* for plaintiff in error.

*S. P. Vanatta,* for defendant in error.

REESE, J.

One of the causes of action as stated in the petition of defendant in error—who was plaintiff in the district court —was, that in the year 1883 the cattle and stock of plaintiff in error broke into a house or crib where defendant in error had his corn stored, and ate up and destroyed one hundred bushels of the corn of the value of thirty-five dollars.    To this part of the petition plaintiff in error answered that during the year 1883 he rented a stock field of defendant in error for pasture for his cattle.    That by the terms of the contract the cattle of plaintiff in error were to run in the field, that he was not to herd them, but defendant in error was to take care of them.    That the house in which the corn of defendant in error was stored was in the same inclosure, and whatever damage the cattle did to the corn was by reason of the carelessness of defendant in error in not keeping the cattle away from the cribs, and not by the fault or carelessness of plaintiff in error.    A reply was filed by defendant in error denying the allegations of the answer.

There was but little conflict in the testimony upon the

material facts of the case, and they may be fairly stated as follows : In the fall of the year 1882, defendant in error had a field of stalks, from which the corn had been gathered. The field was enclosed. The house in which the corn was cribbed was within the field, but plaintiff had no knowledge of the corn being in it. He purchased the pasture of defendant in error, paying therefor fifty cents per acre. The price paid was more than was usually paid for such pasture, but he made the purchase because the field was fenced and he would not have to herd the cattle. This latter fact was the cause of the purchase. It was so understood by both, as testified to by defendant in error. It was mutually understood that plaintiff in error was to turn his cattle in the field, and they were to be unrestrained therein, except as defendant in error should keep them from about his dwelling house. The house in which the corn was stored was about eighty rods from the dwelling of defendant in error, but not in sight. Of evenings defendant in error would drive the cattle toward the house of plaintiff in error, which was upon adjoining land, and plaintiff in error would put them up until the next morning. Plaintiff in error had no knowledge that any damage was being done by the cattle during the time they were in the field, nor for some months thereafter. The house which contained the corn was in the corn stalks and had no fence around it. The building was an old one, and the cattle broke off the boards and ate and damaged the corn. The court instructed the jury orally as follows:

"If you find from the evidence that the defendant bought of the plaintiff corn stalks in a certain field, for the purpose of driving his stock into the field and feeding the stalks, and the plaintiff knew that fact, knew that was the purpose for which the stalks had been bought; and if you further find that defendant did turn his stock into the corn field, and while there they broke into the building or house in which the plaintiff had corn, and did damage to the corn,

then you will further inquire through the fault and negligence of which party this damage was done. If the plaintiff had the corn in this building or house, and had properly protected it, properly boarded up the doors and windows of the building in which the corn was housed, and through the fault or negligence of the defendant in not properly looking after his stock and they did damage to this corn he would be liable for it. The degree of care and diligence which the defendant ought to exercise would be measured somewhat by the knowledge of what he knew or ought to have known by the exercise of proper care as to what was in the field, and as to what his stock were doing; and you should inquire, finding out, ascertaining what he did know, or might, or ought to have known, by the exercise of proper diligence. Of course you should inquire as to his means and opportunity of knowing where his stock was, what they were doing, and what was in the field in which he turned the stock; finding out how near he lived to it, and his opportunities for seeing and knowing. I hardly think he would be liable unless he was guilty of some fault or negligence. To ascertain whether he was or not, it is right to consider all the circumstances as they appeared. If you find they did damage, and the defendant is liable for the corn, you must be governed by the amount as to the corn actually damaged, and as to the extent of the damage. Of course he must only be liable for the actual damage done, if for anything." To the giving of which plaintiff in error duly excepted. The trial resulted in a judgment in favor of defendant in error. Plaintiff in error alleges error in giving the foregoing instruction and brings the cause into this court for review by proceedings in error.

As the judgment was for a very small amount ($1 exclusive of costs) we are loth to disturb it, and thus remand the cause for a large increase of the costs, which are already somewhat heavy. But as we view the foregoing instruction the judgment cannot be rightfully sustained. The in-

struction above quoted is not only quite ambiguous, but it in some respects misstates the law and must have misled the jury. The suggestion by the court that he "hardly" thought plaintiff in error would be liable unless he was guilty of some fault or negligence, would not be sufficient under the proofs upon that question. If there was any question of negligence to submit to the jury they should have been instructed that plaintiff in error would not be liable, unless he was guilty of negligence. The cattle were rightfully in the field. How could it be possible for plaintiff in error to be liable without negligence on his part? But we think there was no question of negligence to submit to the jury. Plaintiff in error was not expected to look after his cattle. It was the very thing he had paid an extra price to avoid. It was the mutual agreement of the parties that he should not be required to "look after his stock" or to know "what his stock were doing." He was under no obligations to know "where his stock were, what they were doing, and what was in the field in which he turned the stock." He had paid an extra price to be relieved of that duty. The cattle were not trespassers, they were lawfully there. To be guilty of negligence is to fail to discharge a duty. What duty did plaintiff in error owe to defendant in error in the way of finding out or ascertaining "as to what was in the field?" Clearly none. We know of no law which would inject into a contract and force upon the parties to it an element as between them which they contracted it should not contain. Plaintiff in error had no knowledge of the existence of the corn. Defendant in error had; he had put it there, yet he failed to give any notice either of its existence or of the damage done until months after the cattle were removed from the field.

It is apparent that the learned judge who presided in the trial court, annoyed, perhaps, and impatient over being compelled to devote valuable time to a suit involving so small an amount, was not as careful in the use of language

in giving the instruction as is usual for him, and through inadvertence gave the instruction. But, as we view it, it should not have been given, and in doing so there was error. For that reason the judgment must be reversed.

The judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.